FAESCABS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                            15 CR 680 (JMF)

CARLTON P. CABOT,

        Defendant.

------------------------------x

                                  New York, N.Y.
                                  October 14, 2015
                                  3:30 p.m.

Before:

              HON. JESSE M. FURMAN,

                       District Judge

                  APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
CHRISTIAN EVERDELL
EDWARD IMPERATORE
    Assistant United States Attorney

DEVERAUX L. CANNICK
    Attorneys for Defendant

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1              (Case called)
2              MR. EVERDELL:  Christian Everdell and Edward
3     Imperatore for the government.
4              MR. IMPERATORE:  Good afternoon, your Honor.
5              THE COURT:  Good afternoon, both of you.
6              MR. CANNICK:  Good afternoon, your Honor.  Deveraux
7     Cannick for Mr. Cabot.
8              THE COURT:  Good afternoon, Mr. Cannick, and good
9     afternoon, Mr. Cabot.
10             All right.  Mr. Cabot, my name is Jessie Furman.  I'm
11    an United States District Judge here in the Southern District
12    of New York.  I am assigned to your case, which means that I
13    will preside over it up to and including trial, if it comes to
14    that, and if it comes to sentencing, then I would be the judge
15    who would impose sentence.
16             The purpose of today's proceeding is to arraign you on
17    the indictment S1 15 CR 680 and also to set a schedule for the
18    proceedings for the filing of any motions and the like.  I
19    should note before I proceed, I just wanted to note, given the
20    dates of some of the offenses in the indictment, that as
21    Mr. Cannick certainly knows, I was an Assistant United States
22    Attorney in the Southern District of New York until the spring
23    of 2012, when I took the bench.  I have no reason to believe
24    that I have anything to do with any investigation of the crimes
25    charged in the indictment, but I want to confirm that you have

FAESCABS

1   no reason to think otherwise as well.
2           MR. EVERDELL:  I have no reason to think so as well.
3           THE COURT:  In light of that, I have no reason or
4   basis to think I need to or should recuse myself from this
5   matter.  If you have any reason to think otherwise, Mr. Cannick
6   can file a motion on that issue.  Any motion on that issue
7   would be due two weeks from today.
8           With that, let's proceed directly to the arraignment.
9   Mr. Cabot, I would ask you to please rise.
10          You have seen a copy of the indictment S1 15 CR 680
11  charging you with seven counts?
12          THE DEFENDANT:  Yes.
13          THE COURT:  Have you read the indictment?
14          THE DEFENDANT:  Yes.
15          THE COURT:  Have you discussed it with Mr. Cannick?
16          THE DEFENDANT:  I haven't.
17          THE COURT:  Would you like me to read it out loud, or
18  do you waive its public reading?
19          THE DEFENDANT:  I waive its public reading.
20          THE COURT:  How do you plead at this time; guilty or
21  not guilty?
22          THE DEFENDANT:  Not guilty.
23          THE COURT:  All right.  Thank you.  You may be seated.
24          Mr. Everdell, first tell me what status of the speedy
25  trial clock is, please.

1        MR. EVERDELL:  Your Honor, the grand jury returned the
2   indictment last Wednesday, October 7.  Time was not excluded to
3   this conference date, so I believe is approximately seven days
4   off the clock.
5        THE COURT:  All right.  Can you just summarize the
6   nature of the charges and then talk to me about the status and
7   nature of discovery, please?
8        MR. EVERDELL:  Yes, your Honor.  The charges stem
9   essentially from the fraud scheme involving real estate
10  investments called tenant in common, otherwise known as TIC
11  investments.  And as alleged in the indictment, the government
12  alleges that the defendant was involved in a scheme to defraud
13  investors in several TIC investments conspired by Cabot
14  Investment Properties, a company run by the defendant.
15       There are also money laundering charges associated
16  with that by movement of funds, so the first four counts of
17  conspiracy to commit securities fraud and substantive
18  securities fraud Counts Two, wire fraud for Count Three,
19  conspiracy substantive wire fraud, Count Four, and then money
20  laundering conspiracy and substantive counts for Five, Six, and
21  Seven.
22       THE COURT:  All right.  What about discovery?
23       MR. EVERDELL:  Discovery, your Honor, there are
24  basically three areas of discovery.  There are documents to be
25  obtained by subpoena.  Those are mostly bank records.  Also,

FAESCABS

1    records from the property managers who managed some of the
2    properties involved in the TIC investments and some other
3    documents that we have by subpoena.
4              I tried to get an estimate of the amount of documents
5    that was.  The problem was that I am working with different
6    agencies, and each agency has certain portions of the
7    documents.  I haven't been able to collect them into one place
8    together, so I don't know at this point how voluminous they
9    are.
10             We did cut a number of companies in excess of, I don't
11   know, 40 or so, 50 subpoenas in this case.  There are a number
12   of documents we obtained by subpoena.  The second category are
13   documents that we obtained from the victims of the fraud, the
14   actual TIC investors who received documents and mailings and
15   other correspondence from Cabot Investment Properties and the
16   defendant, so they have turned over documents to our agents.
17   That is a much smaller set of documents.  Again, I can't put an
18   estimate on the size yet because I haven't been able to
19   coordinate with each of the agents that received those them.
20             Then there is a handful of paper documents, maybe
21   three or four boxes worth.  So I guess, in summary, your Honor,
22   the subpoenaed documents are going to be -- there is some
23   volume there, not overly voluminous.  The trick in producing
24   them -- and at the end of this, your Honor, I am going to
25   request one month to produce discovery -- the reason being is

FAESCABS

1   that all three agents on my case are now unavailable.  One is
2   about to retire, one is on her honeymoon, and the other is on
3   maternity leave.  I need some time for them to come back before
4   I can actually collect all of this.  Once they're back, should
5   be fairly soon -- at least the one on her honeymoon -- I should
6   be able to collect them and produce them by a month's deadline.
7            THE COURT:  Couple questions.  First, Mr. Cannick, any
8   post-arrest statements?
9            MR. EVERDELL:  In terms of motion to suppress
10  post-arrest statements here and also no search warrants
11  conducted.  In terms of motion practice, if that is the area
12  where are you headed with the question, I don't see necessarily
13  any motion to suppress here.  It is really more on the lines of
14  motions in limine, things before trial.
15           THE COURT:  All right.  I take it no recordings at
16  issue as well, is that correct?
17           MR. EVERDELL:  Your Honor, there are, now that you
18  mention, I do believe we have some recordings of investor calls
19  that were made during the time of the fraud scheme.  I don't
20  know how many of those we have because we got these a little
21  after the time period of the fraud.  I don't think they were
22  all available.  We do have some of those.  They are not
23  undercover recordings in that nature.
24           THE COURT:  Meaning recordings obtained pursuant to
25  subpoena as well?

1          MR. EVERDELL:  Correct.  Yes, your Honor.

2          THE COURT:  All right.  Very good.  I will give you a
3   month to produce that discovery.  That is to say, I'll give you
4   until November 13, with the understanding that to the extent
5   that you can produce things on a rolling basis between now and
6   then, it sounds like some of it is -- I would assume some of it
7   is already in your possession and you should do that.  I'll
8   give you a deadline of November 13.

9          I should also ask you, insofar is there are victims in
10  this case, have those victims been notified of their rights
11  under the Crime Victims' Rights Act?

12         MR. EVERDELL:  Yes, your Honor.  We have been
13  coordinating with the office's victim witness coordinator and I
14  have had the agent coordinate with her, with the known victims
15  that we're aware of.  I believe the necessary notifications
16  have gone out.

17         THE COURT:  I assume they will continue to be notified
18  as required by the statute?

19         MR. EVERDELL:  Yes, your Honor.

20         THE COURT:  All right.  Mr. Cannick, as you may know,
21  my intention is to set a deadline for the filing of any defense
22  pretrial motions, and then I will have you guys back after any
23  such motion would be fully briefed, and I'll talk about that in
24  a moment.

25         My question for you is, insofar as you'll have the

1    discovery no later than November 13, then you have a general

2    description of what to expect.  How much time would you like to

3    consider and prepare and file any motions?

4              MR. CANNICK:  Your Honor, in my conversation with the

5    government prior to the court coming in, we discussed what the

6    discovery situation would be like in terms of getting it in a

7    month period and for us to at least take a general look and see

8    exactly what is there and come back and apprise the court on

9    December 14.

10             Having heard what the court's intention is in terms of

11   trying to see whether or not there would be any motions that

12   would be appropriate from listening to the government, I don't

13   think there would be anything that would require us filing a

14   motion.  If there is a situation that changes, then from my

15   review of discovery, certainly I would move as quickly as I

16   possibly could in terms of getting a response or filing motions

17   on Mr. Cabot's behalf.  From what we discussed and what was

18   represented in court by the government, I don't anticipate

19   there would be any motions.

20             THE COURT:  All right.  Well, be that as it may, I

21   will be inclined to follow my usual practice, to give you a

22   deadline for any filing of any motions and set a pretrial

23   conference for any motion that would be submitted.  If you

24   decide not to file any motions and want to expedite that

25   conference, you can certainly submit a letter to that effect

FAESCABS

1   and we can move everything up.
2           But given that, how much time would you like or when
3   would you like that deadline set for, assuming it is a
4   reasonable request?
5           MR. CANNICK:  Sometime around the middle of January,
6   your Honor.
7           THE COURT:  I think that makes sense and avoids any
8   potential for holidays to extend or disrupt the briefing
9   schedule.  I will give you until January 15 to file any defense
10  motions.  Any opposition to such a motion would be due on
11  January 29, and any reply would then be due on February 5.
12          I'll then have you back on February 9 at 3:30 in the
13  afternoon at which time, if any motions have been filed, you
14  should be prepared to address them.  Because if I can address
15  them from the bench, I may well do so.
16          It sounds like this is unlikely, but if there is a
17  need for a hearing, then we will schedule the hearing that time
18  and if not before.  In either case okay, whether there are
19  motions filed or not, I will be setting a trial date at that
20  conference.  As you may know, when I set a trial date, it is a
21  firm date.  In advance of the conference, counsel should confer
22  with respect to when you would want to have a trial.  To the
23  extent that I can honor your request, I will make every effort
24  to do that.
25          MR. CANNICK:  Your Honor, could we go into the

FAESCABS

following week in February for the return date?  I will be out of the country on the February 9 date.

        THE COURT:  Unfortunately I am out the following week myself.  Why don't I have you back then on Tuesday, February 23.  Does that work?

        MR. CANNICK:  That works, your Honor, for me.

        THE COURT:  Tuesday, February 23, at 3:30 as well.  Same instructions and guidance with respect to that conference applies.

        I should also note that, Mr. Cannick, if you do not or decide that there are no motions to be filed and you want to expedite the proceedings, that is to say move the conference up, then you should just submit a letter to that effect, and I'm happy to move things up to sometime in January or even December, if you're in a position to tell me by then.

        Mr. Everdell, any application with respect the Speedy Trial Act?

        MR. EVERDELL:  Yes, your Honor.  We request that the time until the next conference date of February 23 be excluded under the speedy trial clock to give the defense a chance to review discovery and to discuss any possible disposition that might exist.

        THE COURT:  Any objections?

        MR. CANNICK:  None, your Honor.

        THE COURT:  I will exclude time between today and

FAESCABS

1  February 23, 2016, when I find that the ends of justice served
2  by excluding that time outweigh the interest of the public and
3  the defendant in a speedy trial in view of the voluminous
4  nature of the discovery in this case and to allow the defendant
5  and defense counsel time to review that discovery, consider
6  whether there are any motions to be filed, and to prepare those
7  motions.
8           Anything else, Mr. Everdell?
9           MR. EVERDELL:  No, your Honor.
10          THE COURT:  Mr. Cannick.
11          MR. CANNICK:  I think we have something else, your
12 Honor.  It might be an ex parte application.
13          THE COURT:  All right.  You know how to find me.  We
14 are adjourned then.  Thank you very much.
15          MR. CANNICK:  Your Honor, if the court pleases, we
16 could make the application orally.
17          MR. EVERDELL:  We are happy to depart, your Honor.
18          THE COURT:  I will note that somebody else is in the
19 courtroom.  Is that an issue?
20          MR. CANNICK:  That's not an issue.
21          THE COURT:  If you have no objection, Mr. Everdell?
22          MR. EVERDELL:  No objection, your Honor.
23          THE COURT:  I will stay on the bench then.  Have a
24 pleasant afternoon.
25          (Pages 12-15 SEALED by order of the Court)

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300